<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ADELA GONZALEZ, | : |  |
|  | : |  |
| Plaintiff, | : | Civil Action No. 15-2818 (SRC) |
|  | : |  |
| v. | : | **OPINION** |
|  | : |  |
| COMMISSIONER OF SOCIAL SECURITY, | : |  |
|  | : |  |
| Defendant. | : |  |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff Adela Gonzalez ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's application for supplemental security income benefits, alleging disability beginning January 1, 1991. A hearing was held before ALJ Richard West (the "ALJ") on December 13, 2013, and the ALJ issued an unfavorable decision on January 31, 2014, finding that Plaintiff had not been disabled during the period in question. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of January 31, 2014, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform "a range of light work," with specific limitations. At step four, the ALJ also found that Plaintiff had no past relevant work. At step five, the ALJ obtained the testimony of a vocational expert, and determined that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on three grounds: 1) the ALJ's decision at step three is beyond judicial review; 2) the residual functional capacity determination at step four is not supported by substantial evidence, and does not meet the Third Circuit standards in Cotter and Burnett; and 3) the hypothetical presented to the vocational expert at step five was inadequate. This Court need not reach the arguments concerning steps three and five, because it finds that the ALJ's explanation of the residual functional capacity determination at step four is not sufficient to permit meaningful judicial review.

> In Cotter, the Third Circuit held:
>
> Findings of fact by the Secretary must be accepted as conclusive by a reviewing court if supported by substantial evidence. Substantial evidence is such relevant evidence as a reasoning mind might accept as adequate to support a conclusion. Lewis v. Califano, 616 F.2d 73, 76 (3d Cir. 1980); 42 U.S.C. § 405(g).
>
> There are cogent reasons why an administrative decision should be accompanied by a clear and satisfactory explication of the basis on which it rests. Chief among them is the need for the appellate court to perform its statutory function of judicial review.

Cotter v. Harris, 642 F.2d 700, 704-705 (3d Cir. 1981). The Court further explained:

2

> In our view an examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. This is necessary so that the court may properly exercise its responsibility under 42 U.S.C. § 405(g) to determine if the Secretary's decision is supported by substantial evidence.

Id. at 705 (quoting Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974)).

This Court has examined the ALJ's explanation of his residual functional capacity determination and finds that it is unable to discern the basis for the decision.  At step four, the ALJ concluded that Plaintiff:

> . . . is able to lift and carry up to 20 pounds occasionally and 10 pounds frequently; able to stand and or walk up to six hours and to sit at least six hours out of an eight-hour workday.  She is unable to climb ladders, ropes or scaffolds and able to perform all other postural activities occasionally.  She can occasionally reach overhead and frequently handle and finger.

(Tr. 17.)  The discussion that follows this summary statement does not adequately provide a basis in the evidentiary record for it.  The ALJ first reviewed and discussed Plaintiff's mental health treatment records, followed by a paragraph about the records from Plaintiff's treating physician, Dr. Rajapakse.  (Tr. 18.)  The ALJ then turned to the April 11, 2012 evaluation report by the consulting orthopedic examiner, Dr. Fernando.  (Tr. 18.)  In brief, Dr. Fernando diagnosed Plaintiff with "painful joints of the hands and wrists (possibly due to mild arthritic changes at the right wrist) and "[c]hronic lower back pain."  (Tr. 294.)  Dr. Fernando observed: "The only joints showing any restriction of ability was the right wrist, which in palmar flexion shows a mild degree of limitation."  (Tr. 294.)

The ALJ reviewed Dr. Fernando's evaluation, and then stated: "I find the residual functional capacity assessment for a range of light work with limited postural activities and limited overhead reaching consistent with the minimal findings of both the orthopedist, Dr.

3

Fernando, and the treating physician." (Tr. 19.) There is no discussion of the ability to lift and carry weight, nor of sitting and standing, nor of handling and fingering.

In making this determination of residual functional capacity, the ALJ appears to have made some leaps that this Court is unable to follow. Consider, for example, just one part of the determination, the finding that Plaintiff can lift and carry up to 20 pounds occasionally: what is the substantial evidence which supports this? It does not appear to be Dr. Fernando's evaluation, which found painful joints of the hands and wrists, and mild limitation in palmar flexion. Also, what is the reasoning that supports the determination? The written decision does not provide the "comprehensive and analytical" discussion required by the Third Circuit.

It is well-settled that substantial evidence must be "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). While this Court claims no medical expertise, it does not find that Dr. Fernando's report by itself meets this standard. The ALJ states that he also based the residual functional capacity determination on the findings of the treating physician, Dr. Rajapakse. The ALJ's written opinion does not articulate, however, what particular findings from Dr. Rajapakse support the conclusion that Plaintiff can lift and carry up to 20 pounds occasionally. The aforementioned single paragraph about the records from Dr. Rajapakse does not indicate that Dr. Rajapakse reported any findings about Plaintiff's ability to lift 20 pounds. The ALJ's sole paragraph is silent on this subject.

This Court is left, then, with a determination that Plaintiff can lift and carry up to 20 pounds occasionally, but the only relevant evidence cited by the ALJ is an evaluation which found painful joints of the hands and wrists, and mild limitation in palmar flexion. This does not

constitute substantial evidence of the residual functional capacity to lift and carry 20 pounds occasionally.

In opposition, the Commissioner argues that the ALJ's determination is supported by the opinions of state agency physicians Drs. Pirone and Shastry. The problem is that the ALJ made no reference to Drs. Pirone and Shastry.[1] Third Circuit law on this issue is very clear: this Court may not consider evidence not mentioned by the ALJ. In Fargnoli v. Halter, 247 F.3d 34, 44 n.7 (3d Cir. 2001), the Third Circuit vacated the district court's affirmance of the ALJ's decision and ordered a remand, holding as follows:

> The District Court, apparently recognizing the ALJ's failure to consider all of the relevant and probative evidence, attempted to rectify this error by relying on medical records found in its own independent analysis, and which were not mentioned by the ALJ. This runs counter to the teaching of *SEC v. Chenery Corporation*, 318 U.S. 80, 87 L. Ed. 626, 63 S. Ct. 454 (1943), that "the grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based."

The Commissioner here invites this Court to consider evidence not cited by the ALJ. This is not permissible under Fargnoli.

This Court has focused here on the capacity to lift and carry 20 pounds only as one example of the problems in the ALJ's step four determination. The ALJ has not pointed to evidence of record to meet the substantial evidence standard for any part of the residual functional capacity determination. The ALJ did not sufficiently explain and justify the residual functional capacity determination at step four.

---

[1] The Court merely notes that it appears that the evaluations by agency reviewers Drs. Pirone and Shastry in the record were done without the benefit of review of the evaluation from Dr. Fernando. (Tr. 75-90.) It may be that the ALJ omitted mention of them because they were not adequate assessments of Plaintiff's orthopedic problems. As discussed, however, the ALJ did not cite them and this Court has not relied on them in this decision.

For the reasons stated above, this Court finds that the Commissioner's decision is "beyond meaningful judicial review."  Burnett, 220 F.3d at 119.  The Commissioner's decision is vacated, and the case is remanded to the Commissioner for further proceedings in accordance with this Opinion.

                   s/ Stanley R. Chesler
                 STANLEY R. CHESLER, U.S.D.J.

Dated: May 18, 2016